**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMARMEIA SAMUELS-BEY** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO.:** |
| v. | : | |
| | : | **Jury Trial Demanded** |
| **CITY OF PHILADELPHIA, d/b/a,** | : | |
| **PHILADELPHIA POLICE DEPARTMENT** | : | |
| | : | |
| **Defendant.** | | |

## ORIGINAL COMPLAINT

Plaintiff Lamarmeia Samuels-Bey, by undersigned counsel, seeks all available relief against Defendant under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), as amended by 29 U.S.C. § 218d (collectively, the "PUMP Act"), for Defendant's failure to accommodate in the workplace Plaintiff expressing breast milk for her nursing child, and for retaliating against her after she asserted her rights under the PUMP Act.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Any claims arising under state law are properly before this Court pursuant to 28 U.S.C. § 1367.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving rise to Plaintiff's claims occurred within this District, and Defendant conducts business in this District.

## PARTIES

3. Plaintiff Lamarmeia Samuels-Bey ("Samuels-Bey" or "Plaintiff") is an adult female currently residing in Philadelphia, Pennsylvania. She was employed by Defendant in its

911 Dispatch Unit, from on or about March 20, 2023, through current. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to being a party plaintiff in this action. *See* Ex. A.

4. Defendant City of Philadelphia, d/b/a, Philadelphia Police Department ("Police Department," "PPD" or "Defendant") is a "public agency," 29 U.S.C. § 203(x), an "enterprise engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 203(s)(1), and an "employer," 29 U.S.C. § 203(d).

5. Defendant City of Philadelphia includes within its administrative departments the Philadelphia Police Department, which is a public police agency serving the City of Philadelphia, within which Plaintiff was employed. The City of Philadelphia is the proper defendant in this case, as the Police Department does not have a separate corporate existence. *Regalbuto v. City of Philadelphia*, 937 F. Supp. 374 (E.D. Pa. 1995) (citing 53 Pa. Stat. Ann. § 16257), aff'd, 91 F.3d 125 (3d Cir. 1996).

6. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

## **FACTS**

7. In approximately March 20, 2023, Defendant hired Plaintiff as a Police Communications Dispatcher in its 911 Dispatch Unit.

8. On August 4, 2023, Plaintiff gave birth to her fourth child, Myel Samuels-Bey. Immediately after Myel was born, Plaintiff breast-fed her and also pumped breastmilk intended for feeding Myel.

9. From approximately mid to late August 2023 through approximately October 28, 2023 (at which time she resumed her normal work schedule), Plaintiff was out of work on family

leave.

10. In its 911 response unit, Defendant has a break room dedicated to expressing breast milk (the "Expression Room").

11. After Plaintiff returned to work, she began to take breaks at work to express milk in the Expression Room. These breaks lasted about 15 minutes each and were taken roughly every two hours, including during her meal break, totaling approximately three breaks on an eight-hour shift.

12. However, Corporal Holley Satterthwaite ("Cpl. Satterthwaite"), who had supervisory authority over Plaintiff Samuels-Bey, soon began discouraging and preventing Plaintiff from using the Expression Room.

13. When Plaintiff would ask permission to pump, Cpl. Satterthwaite would become noticeably irritated and began subjecting Plaintiff to negative treatment and comments.

14. For example, in or around December 2023, in response to Plaintiff's request to use the Expression Room to pump, Cpl. Satterthwaite responded, "you need to feed your baby Similac because all this pumping is too much."

15. In or around December 2023, Cpl. Satterthwaite also made harassing comments such as "Every time I turn around you need to go pump," "You keep making me open the door," and "If you can't pump on your break you shouldn't pump at all."

16. From approximately December 2023 through approximately January of 2024, Cpl. Satterthwaite consistently made similar disparaging remarks towards Plaintiff Samuels-Bey and repeatedly discouraged her from expressing milk.

17. Cpl. Satterthwaite also engaged in other harassing behavior, such as following Plaintiff around the office and making hurtful comments related to lactation to provoke a reaction

from Plaintiff (which reaction did not occur).

18. Cpl. Satterthwaite also harassed Plaintiff by skipping Plaintiff for preferential lunch breaks and giving those breaks to other employees, even though Plaintiff was entitled to the preferential breaks.

19. Other supervisors in the dispatch room, such as Lieutenant Kollin Berg, were aware of and/or overheard Cpl. Satterthwaite make derogatory comments to Plaintiff related to her lactation.

20. In or around late 2023, Cpl. Satterthwaite began denying Plaintiff use of the Expression Room.

21. In or around late October 2023 through January 2024, because Plaintiff was prevented from utilizing the Expression Room, and on more than one occasion, she leaked through her shirt, in front of her coworkers, causing Plaintiff significant embarrassment and humiliation.

22. Beginning in or around late January 2024, Plaintiff was forced to pump at her desk instead of attempting to use the Expression Room because of Cpl. Satterthwaite's conduct.

23. After Plaintiff began to pump at her desk, Cpl. Satterthwaite said to Plaintiff that it was good Plaintiff was using an electrical pump, so that she didn't have to open the door for Plaintiff anymore.

24. Plaintiff suffered serious humiliation and emotional distress from being denied reasonable breaks to express breast milk.

25. Cpl. Satterthwaite also directed Plaintiff to consult HR for a pumping schedule.

26. In approximately late 2023, Plaintiff contacted PPD HR administrator Patricia Sullivan, who informed Plaintiff that she was not aware of any lactation schedules or procedures to create such a schedule.

27. In approximately January of 2024, Plaintiff filed a complaint with the ERU concerning the lack of expression accommodation and the harassment by Cpl. Satterthwaite.

28. On or about April 24, 2025, ERU released "Notice of Findings," Ex. B, in the Investigator Shauna Crutchfield and the ERU determined that Cpl. Satterthwaite "engaged in prohibited conduct under the City of Philadelphia Sexual Harassment Prevention Policy, PPD Directive 8.18, and the Mayor's Statement of Policy on Equal Employment Opportunity."

29. Defendant has not imposed any form of discipline for Cpl. Satterthwaite's violation of clear City policies.

30. On or around April 24, 2025, Cpl. Satterthwaite became aware of the ERU's ruling, after which her expressed animus and harassment against Plaintiff increased.

31. During the period of approximately May 2025 through approximately June 2025, Plaintiff did not work with or around Cpl. Satterthwaite.

32. From in or around June through the end of the AFSCME DC 33 strike in or around July 2025, Plaintiff again did not have to work with or around Cpl. Satterthwaite.

33. However, after the strike ceased in or around July 2025, Plaintiff and Cpl. Satterthwaite began working together again. From that time through about October 2025, Plaintiff made all efforts to try to avoid working with or being around or near Cpl. Satterthwaite.

34. In or around late 2025 after receiving the Notice of Findings from the ERU, Cpl. Satterthwaite told other supervisors in the dispatch room not to provide Plaintiff overtime hours. Subsequently, Plaintiff was scheduled for less overtime hours than she previously worked.

35. In or around late October or early November of 2026, Cpl. Satterthwaite began to direct patrol officers to conduct multiple physical sick checks of Plaintiff Samuels-Bey in retaliation for Plaintiff's complaints.

36. Prior to these sick checks, Plaintiff had only been subject to a sick check once during her three years of employment with Defendant, despite being consistently below the required threshold of eligibility for sick checks to be conducted.

37. On or about October 30th, 2026, Plaintiff overheard Cpl. Satterthwaite speaking with another city employee, Carine, about Plaintiff's intent to provide testimony in support of coworker Tashai Hudson's prior PUMP Act lawsuit, *Tashai Hudson v. City of Philadelphia*, No. 26-cv-4568 (E.D. Pa.) (discovery end date of January 8, 2027) (the "*Hudson*" action).

38. During that conversation, Plaintiff saw Cpl. Satterthwaite point at Plaintiff and heard her say "oh, and her name is all over the PW," referring to Plaintiff's imminent intention to provide testimony as a Plaintiff's Witness (PW) in the *Hudson* action.

39. On or around November 5, 2026, Plaintiff filed another EEO complaint with the ERU, this time regarding Cpl. Satterthwaite's retaliation in response to the ERU's prior notice of findings against Cpl. Satterthwaite, and/or in response to Plaintiff imminently being about to provide testimony in the *Hudson* action.

40. The complaint was assigned to Investigator Crutchfield, who conversed with Plaintiff regarding the investigation and advised Plaintiff to seek private counsel on approximately November 16, 2026.

41. Upon information and belief, two days later, on approximately November 18, 2026, PPD Internal Affairs removed Crutchfield from the investigation of Plaintiff's EEO complaint entirely, citing the need to conduct the investigation internally.

42. Because of Cpl. Satterthwaite's surveillance and harassment of Plaintiff both inside and outside of the Police Radio room, Plaintiff feared not only for her job, but also for her physical safety.

43. Plaintiff has been repeatedly retaliated against for making protected complaints regarding Defendant's failure to provide an Expression Room and being about to provide truthful testimony in the *Hudson* action, and the associated harassment she was forced to endure in relation to her requests to pump and complaints regarding harassment.

44. Plaintiff has suffered emotional distress from Defendant's retaliatory actions in response to her asserting her rights under the PUMP Act.

45. Defendant's retaliatory harassment is ongoing.

**Willfulness**

46. After she returned to work from giving birth to Myel, Plaintiff Samuels-Bey regularly sought to express breastmilk in the Expression Room.

47. Although Defendant was at all relevant times fully aware of the requirements of the PUMP Act, Defendant willfully refused Plaintiff Samuels-Bey reasonable break times to express breast milk, and also willfully refused to provide Plaintiff access to a private space to express breast milk.

48. Defendant is a sophisticated public agency providing law enforcement services to a major United States city. Defendant has extensive experience in labor and employment issues and enjoys access to knowledgeable human resource specialists and competent labor counsel.

49. Defendant acted willfully and with reckless disregard of clearly applicable PUMP Act provisions by failing to provide Plaintiff Samuels-Bey reasonable break times to express breast milk and failing to provide Plaintiff Samuels-Bey access to a private space to express breast milk during such reasonable break times.

**COUNT I – FAILURE TO ACCOMMODATE BREASTFEEDING**
**29 U.S.C. §§ 216(b), 218d**

50. All previous paragraphs are incorporated as though fully set forth herein.

51. The FLSA and PUMP Act require that covered employees be provided, "a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk," and "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. § 218d(a)(1), (2).

52. Defendant is subject to the requirements of the PUMP Act because Defendant is an "employer" under 29 U.S.C. § 203(d).

53. During all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

54. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

55. Plaintiff is not exempt from the requirements of the FLSA.

56. Defendant failed to comply with 29 U.S.C. § 218d by failing to provide Plaintiff reasonable break times to express breast milk, and also willfully refused to provide Plaintiff access to a private space to express breast milk.

57. Defendant knowingly failed to accommodate Plaintiff's desired breastfeeding, in violation of 29 U.S.C. § 218d.

58. In violating the FLSA and PUMP Act, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

59. Pursuant to 29 U.S.C. § 216(b), employers such as Defendant, who fail to comply with the PUMP Act's breastfeeding accommodations shall be liable to the employee for

compensatory and punitive damages, as well as court costs and attorneys' fees.

## COUNT II – RETALIATION
## 29 U.S.C. §§ 216(b), 215(a)(3)

60. All previous paragraphs are incorporated as though fully set forth herein.

61. It is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [the FLSA and PUMP Act] or has testified or is about to testify in any such proceeding." *See* 29 U.S.C. § 215(a)(3).

62. The FLSA and PUMP Act requires that covered employees be provided, "a reasonable break time for an employee to express breast milk for such employee's nursing child for 1 year after the child's birth each time such employee has need to express the milk," and "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." *See* 29 U.S.C. § 218d(a)(1), (2).

63. As previously explained, Defendant willfully refused to provide Plaintiff reasonable break times to express breast milk, and also willfully refused to provide Plaintiff access to a private space to express breast milk.

64. Plaintiff engaged in protected activity when she repeatedly sought to invoke milk expression breaks.

65. Plaintiff further engaged in protected activity when she complained about the lack of breaks, private space access, and inappropriate comments and harassment regarding breastfeeding on numerous occasions.

66. Plaintiff further engaged in protected activity by reporting retaliatory harassment arising in response to her original complaint regarding the lack of a reasonable lactation accommodation.

67. Plaintiff further engaged in protected activity by being imminently about to testify in support of Tashai Hudson in the *Hudson* action.

68. Defendant retaliated, and continues to retaliate, against Plaintiff by harassing her and creating a hostile work environment, as well as by harassing her outside of the workplace in response to Plaintiff's protected activity.

69. Plaintiff's protected activity was the direct and proximate cause of Defendant's creation of a hostile work environment.

70. Plaintiff suffered significant emotional distress as a result of enduring a hostile work environment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Samuels-Bey seeks the following relief:

a. Compensatory and punitive damages as a result of Defendant's failure to accommodate Plaintiff's milk expression to the fullest extent permitted under the law;

b. Backpay, liquidated damages, compensatory and punitive damages as a result of Defendant's retaliation against Plaintiff for asserting her rights under the PUMP Act, to the fullest extent permitted under the law;

c. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

d. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Date: November 25, 2026

**GOODLEY MCCARTHY LLC**

/s/ James E. Goodley
James E. Goodley
Attorney I.D. No. 315331
Ryan P. McCarthy
Attorney I.D. No. 323125
1650 Market Street, Suite 3600
Philadelphia, PA 19103
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Counsel for Plaintiff*